Judge Frank Montalvo

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

FILED

2011 FEB 23  PM 2: 47

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                    DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>AHMED ADIL ABDALLAT,<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **SEALED**<br><br>CRIMINAL NO. EP-11-CR-_____<br><br>Counts 1-8: 18 U.S.C. § 1544 (Misuse of<br>Diplomatic Passport)<br><br>Count 9: 18 U.S.C. § 641 (Conversion of<br>Public Money)<br><br>Notice of Government's Demand for<br>Forfeiture |

**THE GRAND JURY CHARGES THAT:**

# EP11CR0431

## GENERAL ALLEGATIONS

At all times material to this indictment:

1. The defendant, **AHMED ADIL ABDALLAT**, is employed as a Supervisory Intelligence Research Specialist for Immigration and Customs Enforcement (ICE) of the Department of Homeland Security, where he has been employed in different capacities since entering on duty on or about September 5, 1995. His ICE duty assignments have included temporary duty assignments internationally at United States Embassy's and missions in several countries.

2. The defendant, **AHMED ADIL ABDALLAT**, possesses a tourist, an official and a diplomatic United States Passport. The official and diplomatic passports are no-fee passports issued by the United States for the defendant's limited use in conjunction with his official duties and responsibilities aborad. As a Supervisory Intelligence Research Specialist for ICE and in conjunction with temporary overseas assignments, on or about March 14, 2007, the defendant was issued United

States Diplomatic Passport, number 910018835, in order to facilitate his authorized travel abroad and for limited personal travel incident to his official duties while at his overseas post. His United States Diplomatic Passport contains the following restriction on its use: "THIS PASSPORT REMAINS THE PROPERTY OF THE UNITED STATES (TITLE 22, CODE OF FEDERAL REGULATIONS, SECTION 51.9) AND IS VALID AS LONG AS THE LEGAL BEARER OR BEARER'S SPONSOR MAINTAINS THE STATUS WHICH CONTINUES ENTITLEMENT TO THE PASSPORT. ANY USE OF THIS PASSPORT FOR TRAVEL OTHER THAN THAT INCIDENTAL TO THE DISCHARGE OF THE BEARER'S OR SPONSOR'S DIPLOMATIC MISSION IS PROHIBITED, AND PUNISHABLE UNDER TITLE 18, UNITED STATES CODE SECTION 1544."

3.  On or about December 21, 2008, **AHMED ADIL ABDALLAT** received a permanent change of station and was transferred to a new assignment in El Paso, Texas.  As a result of that permanent change of station, **AHMED ADIL ABDALLAT**, was instructed that his overseas official duty assignments were completed and he had no further official embassy, mission or related activities to include overseas travel.

4.  The defendant **AHMED ADIL ABDALLAT'S** official duty assignment and his residence are located in the Western District of Texas.

**COUNT ONE**
**(Title 18 U.S.C.§1544)**

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of this Indictment.

On or about December 11, 2010, in Amman Jordan, the defendant,

**AHMED ADIL ABDALLAT,**

2

did willfully and knowingly use an official diplomatic passport in violation of the rules therein contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he departed from The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation of Title 18, United States Code, Section 1544.

### COUNT TWO
**(Title 18, U.S.C. §1544)**

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of this Indictment.

On or about November 14, 2010, in Amman Jordan, the defendant,

### AHMED ADIL ABDALLAT,

did willfully and knowingly use an official diplomatic passport in violation of the rules therein contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he entered The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation of Title 18, United States Code, Section 1544.

### COUNT THREE
**(Title 18, U.S.C. §1544)**

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of this Indictment.

On or about October 4, 2009, in Amman Jordan, the defendant,

### AHMED ADIL ABDALLAT,

did willfully and knowingly use an official diplomatic passport in violation of the rules therein contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of

3

passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he departed from The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation of Title 18, United States Code, Section 1544.

### COUNT FOUR
**(Title 18, U.S.C. §1544)**

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of this Indictment.

On or about September 11, 2009, in Amman Jordan, the defendant,

**AHMED ADIL ABDALLAT,**

did willfully and knowingly use an official diplomatic passport in violation of the rules therein contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he entered The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation of Title 18, United States Code, Section 1544.

### COUNT FIVE
**(Title 18, U.S.C. §1544)**

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of this Indictment.

On or about October 5, 2008, in Amman Jordan, the defendant,

**AHMED ADIL ABDALLAT,**

did willfully and knowingly use an official diplomatic passport in violation of the rules therein contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he departed from The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation

of Title 18, United States Code, Section 1544.

## COUNT SIX
### (Title 18, U.S.C. §1544)

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS

of this Indictment.

On or about September 24, 2008, in Amman Jordan, the defendant,

### AHMED ADIL ABDALLAT,

did willfully and knowingly use an official diplomatic passport in violation of the rules therein

contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of

passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he

entered The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation of Title

18, United States Code, Section 1544.

## COUNT SEVEN
### (Title 18, U.S.C. §1544)

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of

this Indictment.

On or about October 19, 2007, in Amman Jordan, the defendant,

### AHMED ADIL ABDALLAT,

did willfully and knowingly use an official diplomatic passport in violation of the rules therein

contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of

passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he

departed from The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation

of Title 18, United States Code, Section 1544.

## COUNT EIGHT
### (Title 18, U.S.C. §1544)

The Grand Jury realleges and incorporates by reference the GENERAL ALLEGATIONS of this Indictment.

On or about October 11, 2007, in Amman Jordan, the defendant,

**AHMED ADIL ABDALLAT,**

did willfully and knowingly use an official diplomatic passport in violation of the rules therein contained and in violation of the rules prescribed pursuant to the laws regulating the issuance of passports, to wit: he used an official diplomatic passport for the personal purpose of travel when he entered The Hashemite Kingdom of Jordan at Queen Alia International airport, in violation of Title 18, United States Code, Section 1544.

## COUNT NINE
### (Title 18, U.S.C. § 641)

From on or about February 15, 2009, through on or about September 10, 2010,  defendant **AHMED ADIL ABDALLAT** traveled at least thirteen times to Washington, D.C. for temporary duty assignments that differed in duration.  A review of the travel voucher documents submitted by **AHMED ADIL ABDALLAT** to the United States government for reimbursement following the completion of his official travel show that **AHMED ADIL ABDALLAT** did request and receive approximately $123,000 in travel fund reimbursements into both his Greater El Paso Credit Union (GECU) savings and checking accounts located in the Western District of Texas.

The travel vouchers submitted for reimbursement by **AHMED ADIL ABDALLAT** contained multiple fictitious charges, to include numerous lodging charges on fabricated receipts, unauthorized fictitious vehicle rental and parking charges, or for other expenses not supported by any receipts and or not incurred by the defendant but claimed for reimbursement by **AHMED ADIL**

ABDALLAT and paid by the Department of Homeland Security, an agency or department of the

United States.

Beginning on or about February 15, 2009, through on or about November 1, 2010, in the

Western District of Texas and elsewhere, the defendant,

**AHMED ADIL ABDALLAT,**

wilfully and knowingly did embezzle, steal, purloin, and convert to his use, United States Currency

of the United States Department of Homeland Security, a department and agency of the United

States, namely, official travel reimbursement funds, having a value in excess of One Thousand

Dollars, ($1,000.00), to which the defendant knew he was not entitled by his submission of

fraudulent official travel reimbursement forms, all in violation of violation of Title 18 United States

Code Section 641.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
#### (As to Counts One through Eight)
#### (18 U.S.C. § 982)

As a result of committing one or more of the offenses in violation of Title 18, United States

Code, Section 1544 alleged in Counts One through Eight of this Indictment, Defendant,

**AHMED ADIL ABDALLAT,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), any

conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; any

property, real and personal, that constitutes, or is derived from or is traceable to the proceeds

obtained directly or indirectly from the commission of the offense; and any property, real and

personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the

offense, including but not limited a sum in United States Currency representing the amount of

proceeds obtained as a result of the offense.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### (As to Count Nine)
### (18 U.S.C. § 981 and 28 U.S.C. § 2461)

As a result of committing the offense in violation of Title 18, United States Code, Section 641 alleged in Count Nine of this Indictment, Defendant,

**AHMED ADIL ABDALLAT,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited a sum in United States Currency representing the amount of proceeds obtained as a result of the offense.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

JOHN E. MURPHY
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney

9